UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NINA BURLEIGH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>Defendant. | Civil Action No. 25-1268 (ABJ) |

## ANSWER

Defendant, the Federal Communications Commission, hereby answers the Complaint filed by Plaintiffs, Nina Burleigh and Frequency Forward, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiffs, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

## COMPLAINT[1]

1.  This paragraph consists of Plaintiffs' characterization of their Complaint, to which no response is required.  To the extent a response is deemed required, Defendant denies.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## PARTIES

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      Defendant admits that the Federal Communications Commission is an agency in the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

5.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required.  Defendant denies that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the Court's jurisdiction is limited by 5 U.S.C. § 552.

6.      This paragraph consists of legal conclusions regarding venue, to which no response is required.  Defendant does not contest venue.

## FACTUAL ALLEGATIONS

7-15.   To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in some of the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

16. Defendant admits that Plaintiffs sent a FOIA request on or about February 24, 2025, including an application for expedited processing. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

17. Defendant admits that it granted expedited processing on or about March 4, 2025. Defendant respectfully refers the Court to the FCC's Office of Managing Director's March 4, 2025, letter for a full and accurate statement of the FCC's determination that Plaintiffs' stated reasoning justified granting expedited processing.

18. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

19. Defendant admits that it has not released records responsive to Plaintiffs' FOIA request. Defendant denies that it has not responded to the FOIA request, as it has been engaging in negotiations with Plaintiffs to attempt to define the scope of the request.

## CAUSE OF ACTION

20. Defendant realleges and reincorporates as if fully set forth herein its responses to paragraphs 1 through 19.

21. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

22. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

## RELIEF REQUESTED

This paragraph consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## **DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

1. Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a.

2. The Court lacks subject matter jurisdiction over Plaintiffs' request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

3. Defendant has exercised due diligence in responding to Plaintiffs' FOIA request and exceptional circumstances exist that require additional time for Defendant to search for and process records, if any, responsive to Plaintiffs' FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

4. Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

5. Defendant has not improperly withheld records requested by Plaintiffs under FOIA.

6. Plaintiffs' request fails to comply with the requirements of FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

7. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, the Complaint violates Federal Rule of Civil Procedure 8(a)(2) by alleging information that is unnecessary to a "short and

plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

Dated: July 1, 2025                                              Respectfully submitted,

                                                     JEANINE FERRIS PIRRO
United States Attorney

By:        /s/ *Douglas C. Dreier*
      DOUGLAS C. DREIER, D.C. Bar #1020234
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2551

*Attorneys for the United States of America*