UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NINA BURLEIGH, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 25-1268 (ABJ) |
| FEDERAL COMMUNICATIONS COMMISSION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011), quoting *Winter*, 555 U.S. at 20. The final two factors merge when the government is the opposing party. *Pub. Citizen Health Rsch. Grp. v. Acosta*, 363 F. Supp. 3d 1, 20 (D.D.C. 2018). "The moving party bears the burden of persuasion and must demonstrate, 'by a clear showing,' that the requested relief is warranted." *Hospitality Staffing Solutions, LLC v. Reyes,* 736 F. Supp. 2d 192, 197 (D.D.C. 2010), citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

"The basis of injunctive relief in the federal courts has always been irreparable harm," and if a party fails to make a showing of irreparable harm, "that alone is sufficient . . . to conclude that the district court did not abuse its discretion." *CityFed Fin. Corp. v. Off. Thrift Supervision, U.S. Dep't of Treas.*, 58 F.3d 738, 747 (D.C. Cir. 1995) (citation and internal quotations omitted). To show irreparable harm, a plaintiff must demonstrate that it faces an injury that is "both certain and great," "actual . . . not theoretical," and "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Wis. Gas Co. v. Fed. Energy Reg. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (quotation marks and emphasis omitted).

According to plaintiffs, a preliminary injunction is warranted because, without immediate relief, their "right to meaningful access to public records and their ability to inform the public about the FCC's ongoing operations will be irreparably harmed if Defendant does not promptly process their [FOIA] request and produce all non-exempt records along with [a] *Vaughn* index on an expedited schedule." Mem. in Supp. of Pls.' Mot. for a Prelim. Injunction [Dkt. # 12] ("Mot.") ¶ 25. "Courts in our district have generally found irreparable harm in FOIA preliminary-injunction cases only where the requested documents are time-sensitive and highly probative, or even essential to the integrity, of an imminent event, after which event the utility of the records would be lessened or lost.'" *Heritage Found. v. Env't Prot. Agency*, No. CV 23-748 (JEB), 2023 WL 2954418, at *4 (D.D.C. Apr. 14, 2023) (citation and internal quotation marks omitted), *appeal dismissed sub nom. Heritage Found. v. Env't Prot. Agency*, No. 23-5086, 2023 WL 8116008 (D.C. Cir. Nov. 17, 2023).

Plaintiffs have identified no specific proceeding or upcoming decision to which the records pertain, much less the imminence of any event after which the records they seek would lose their value to the plaintiffs or the public. They instead highlight previous instances of alleged conflicts

of interest, and they claim that they "and the American public have already suffered actual and great harm" by defendant's FOIA violations. Mot. ¶ 25. But they and the public would still benefit from the disclosure of materials that would corroborate or disprove their suspicions, and they have failed to identify any injury arising out of the lack of access to the requested records that is sufficiently certain and imminent that it could not be remediated by the production of the documents they seek in due course in this litigation. And their complaints that they are due expedition have largely been addressed by the grant of expedited consideration they have already received.

Plaintiffs point the Court to *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 286 F. Supp. 3d 96 (D.D.C. 2017), *see* Mot. ¶ 25, but that case is notably not a FOIA case, and it is easily distinguished from the situation here. There, the plaintiff, Maine's secretary of state, was a member of the Presidential Advisory Commission on Election Integrity, and he alleged he had been wrongfully denied information "necessary to inform his efforts to fully participate as a Commission member." *Id.* at 98. He submitted a request for Commission records under the Federal Advisory Committee Act, which went ignored, and then sought a preliminary injunction to obtain the documents in advance of the group's next meeting. *Id.* The Court relied on *Cummock v. Gore*, 180 F.3d 282 (D.C. Cir. 1999) – in which a similar dynamic was at play – and found that the plaintiff would be irreparably harmed absent injunctive relief because his ability to participate in the Commission's activities, including the preparation of its final report, depended upon his access to the documents he sought. 286 F. Supp. 3d at 110. No similar circumstance is presented here.

For these reasons, plaintiffs' request for the extraordinary remedy of a preliminary injunction will be **DENIED**.

That being said, plaintiffs' consternation with the course of events since the lawsuit was filed is not wholly misplaced. On July 2, 2025, the Court ordered that defendant "must file a dispositive motion or, in the alternative, a report setting forth the schedule for the completion of its production of documents to plaintiff, on or before July 23, 2025." Min. Order (July 2, 2025). However, defendant's July 23, 2025 status report provided no timeline, and it was vague and uninformative. *See* Status Report [Dkt. # 11]. Further, the anticipated "initial production" defendant referred to that filing, *id.* ¶ 5, amounted to only 35 pages. Mot. ¶ 9.

The Court will therefore modify its July 23, 2025 minute order, which called for another status report by October 23, 2025, as follows:

It is hereby

**ORDERED** that defendant must make ongoing productions of responsive documents on September 15, 2025 and October 6, 2025. It is further

**ORDERED** that defendant must file a status report proposing a schedule for the completion of its production of documents to plaintiff by October 13, 2025.

The previously indicated due date of October 23, 2025 is **VACATED**.

Finally, plaintiff appears to challenge defendant's redaction of certain information from records already produced, as well as its failure to include particular records among those that were part of the first production. *See* Mot. ¶¶ 12–13. These challenges are premature; the Court will rule on the propriety of any redactions or withholdings, and/or the sufficiency of defendant's search, at the appropriate stage of these proceedings: after defendant's production has been completed.

**SO ORDERED.**

_/s/ Amy B Jackson_
AMY BERMAN JACKSON
United States District Judge

DATE: August 25, 2025