# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NINA BURLEIGH,** | ) | |
| **FREQUENCY FORWARD** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 25-1268 (ABJ) |
| **FEDERAL COMMUNICATIONS COMMISSION** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## EXHIBITS

# EXHIBIT 1

FCC FOIA No. 2025-000636

000014

## Daniel Daly

**From:** Vicky Torres
**Sent:** Tuesday, March 18, 2025 11:46 AM
**To:** Shaneequa Godfrey; David Yarborough
**Cc:** Ellen Standiford
**Subject:** RE: Employee New Hire (Chairman's Office Detail)

Ok, thank you.

**From:** Shaneequa Godfrey
**Sent:** Tuesday, March 18, 2025 11:43 AM
**To:** Vicky Torres ; David Yarborough
**Cc:** Ellen Standiford
**Subject:** RE: Employee New Hire (Chairman's Office Detail)

(b) (2) ████████████████████████████████████

***Shaneequa Godfrey***
**Security Specialist**
Shaneequa.Godfrey@fcc.gov
**Phone 202-418-2894**
**Unclass Fax: 202-418-1092**
**Security Operations Center**



**From:** Vicky Torres <Vicky.Torres@fcc.gov>
**Sent:** Tuesday, March 18, 2025 11:38 AM
**To:** David Yarborough <David.Yarborough@fcc.gov>
**Cc:** Ellen Standiford <Ellen.Standiford@fcc.gov>
**Subject:** RE: Employee New Hire (Chairman's Office Detail)

Hi David,

(b) (2) ████████████████████████████████████████

Thanks!
Vicky

**From:** David Yarborough <David.Yarborough@fcc.gov>
**Sent:** Tuesday, March 18, 2025 11:22 AM
**To:** Vicky Torres <Vicky.Torres@fcc.gov>; Lauren Northrop <Lauren.Northrop@fcc.gov>; Ethics Approvals <Ethics.Approvals@fcc.gov>
**Cc:** Shaneequa Godfrey <Shaneequa.Godfrey@fcc.gov>; Raenell Drafts <Raenell.Drafts@fcc.gov>; ITISS-NOC <ITISS-

FCC FOIA No. 2025-000636

000015

NOC@fcc.gov>
**Subject:** Employee New Hire (Chairman's Office Detail)
**Importance:** High

Tarak Makecha's preliminary adjudication has been approved, and the new hire can start working at the FCC.

(b) (2)



V/r,

David Yarborough
Security Specialist
Federal Communications Commission
Security Operations Center (SOC), Room 4.145
202-418-7884 or 7762 (Phone)

2



FCC FOIA No. 2025-000636                                                                                    000035

## Federal Communications Commission
### Washington, DC 20554

### **Financial Interests Certification**

- ▪ I have received copies of the following documents, have read and understand each one:
  - Standards of Ethical Conduct for Employees of the Executive Branch, and particularly:
    - ▪ 5 CFR 2635, Subpart D (Conflicting Financial Interests)
    - ▪ 5 CFR 2635, Subpart E (Impartiality in Performing Official Duties)
  - Supplemental Standards of Ethical Conduct for Employees of the Federal Communications Commission (5 CFR 3901)
  - Supplemental Financial Disclosure Requirements for Employees of the Federal Communications Commission (5 CFR 3902)
  - Federal Communications Commission Employee Responsibilities and Conduct (Title 47, Chapter 1, Part 19, 19.735-101 through 203 (particularly §202))

- ▪ In order to assure my compliance with these regulations and to facilitate any necessary conflict of interest determination for financial interests held by myself, my spouse, or minor children, I certify that I and/or my family (check one):

  [✓] **DO** currently hold financial interests in a corporation, company, firm, mutual fund, trust or other business enterprise.

  [ ] **DO NOT** currently hold financial interests in a corporation, company, firm, mutual fund, trust or other business enterprise.

- ▪ I understand that this certification covers all interests, and is not limited to entities considered to be communications-related.

- ▪ I have also received a copy of the FCC Directive, FCC Instruction 1139.1, "*Management of Non-Public Information*" and understand my obligation to become familiar with and follow the procedures contained in this directive.

| Applicant's Name (printed) | Tarak Makecha | | |
|---|---|---|---|
| | *4g3 Volunteer Expert, OCH* | | This block is for OGC use only. |
| **Applicant's Signature** | TARAK MAKECHA  Digitally signed by TARAK MAKECHA  Date: 2025.03.17 13:57:34 -04'00' | **Date** | 03/17/2025 |

FCC Office of General Counsel Approval

| OGC Ethics Official Name & Title | Lauren Northrop, Ethics Program Manager | | |
|---|---|---|---|
| **Signature** | Lauren Northrop  Digitally signed by Lauren Northrop  Date: 2025.03.26 12:46:50 -04'00' | **Date** | 03/26/2025 |

FCC FOIA No. 2025-000636                                                                    002517

| | |
|---|---|
| **From:** | Greg Watson |
| **To:** | Will Wiquist; Brendan Carr; Scott Delacourt |
| **Cc:** | Adam Jackman |
| **Subject:** | RE: Press Inquiries - 4/7/25 Morning |
| **Date:** | Monday, April 7, 2025 12:37:00 PM |

Tarak and Jordan are the two who I recall signing the papers and fully onboarding. Jacob Altik is the one who I was under impression never fully on-boarded. In any event, I just confirmed that all 3 are indeed listed in the FCC directory.

I agree with recommendation to ignore but for awareness -- FTC did take a different approach last week in this Axios piece where they apparently confirmed the identity of their DOGE people and said their work would be focused "to root out waste, fraud, and abuse at the FTC and trying to make it more efficient."

https://www.axios.com/pro/tech-policy/2025/04/04/doge-staffers-move-into-ftc-office

**From:** Will Wiquist <Will.Wiquist@fcc.gov>
**Sent:** Monday, April 7, 2025 12:11 PM
**To:** Brendan Carr <Brendan.Carr@fcc.gov>; Scott Delacourt <Scott.Delacourt@fcc.gov>
**Cc:** Greg Watson <Gregory.Watson@fcc.gov>; Adam Jackman <Adam.Jackman@fcc.gov>
**Subject:** RE: Press Inquiries - 4/7/25 Morning

(b) (5)

**From:** Brendan Carr <Brendan.Carr@fcc.gov>
**Sent:** Monday, April 7, 2025 11:58 AM
**To:** Will Wiquist <Will.Wiquist@fcc.gov>; Scott Delacourt <Scott.Delacourt@fcc.gov>
**Cc:** Greg Watson <Gregory.Watson@fcc.gov>; Adam Jackman <Adam.Jackman@fcc.gov>
**Subject:** RE: Press Inquiries - 4/7/25 Morning

(b) (5)

**From:** Will Wiquist <Will.Wiquist@fcc.gov>
**Sent:** Monday, April 7, 2025 11:27 AM
**To:** Brendan Carr <Brendan.Carr@fcc.gov>
**Cc:** Greg Watson <Gregory.Watson@fcc.gov>; Adam Jackman <Adam.Jackman@fcc.gov>
**Subject:** Press Inquiries - 4/7/25 Morning

Please see the inquiries below from this morning/over the weekend.

**SNL Profanity**

Deadline – Ted Johnson <tjohnson@deadline.com> (link to video of what happened)

FCC FOIA No. 2025-000636    002521

## Daniel Daly

| | |
|---|---|
| **From:** | Adam Candeub |
| **Sent:** | Monday, March 17, 2025 12:34 PM |
| **To:** | Fox, Joshua EOP/DOGE; Scott Delacourt; Natalie Martinez; (b) (6) Tarak Makecha Wick, Jordan M. EOP/DOGE; Ellen Standiford |
| **Cc:** | Dana Howell |
| **Subject:** | RE: Process for onboarding to FCC |
| **Attachments:** | Part 19.Blank FCC Financial Interests Certification Form - updated 6 Jan 2016.pdf |

Hi Joshua and Tarak,

I think there's been a some confusion about matters, and I'd like to resolve it. When Tarak contacted me on Thursday, I understood him to be setting up introductory meetings. That's all that we arranged to happen on Tuesday; getting on-boarded on Tuesday is not feasible unfortunately.

If you'd like to get on-boarded as either a detailee or unpaid volunteer, there are, *hélas!,* some procedural hoops. First, we need from both of you a Part 19 form (attached) and a resume to conduct ethics and SOC checks. Second, if you want the FCC to pay you, we have to figure out some reimbursement mechanism, as I outlined in my email to Ms. Golovkina. I believe that is all that is required, but as would any good bureaucrat, I reserve the right to ask for additional forms if they turn out to be necessary. ☺ If you wish, we can have you meet tomorrow with personnel to review on-boarding.

I certainly appreciate and am grateful for your enthusiasm and please be assured that we are doing everything to move as expeditiously as possible given our legal framework.

I look forward to meeting you in person tomorrow.

Sincerely, Adam

**From:** Fox, Joshua EOP/DOGE
**Sent:** Monday, March 17, 2025 10:49 AM
**To:** Scott Delacourt ; Adam Candeub ; Natalie Martinez ; (b) (6) Tarak Makecha ; Wick, Jordan M. EOP/DOGE
**Cc:** Dana Howell
**Subject:** RE: Process for onboarding to FCC

Scott,

Hope you had a nice weekend! Following up to ensure all is good with Jordan's onboard. Happy to assist as needed.

Thanks,
Josh

**From:** Scott Delacourt <Scott.Delacourt@fcc.gov>
**Sent:** Friday, March 14, 2025 5:58 PM
**To:** Fox, Joshua EOP/DOGE (b) (6) ; Adam Candeub <Adam.Candeub@fcc.gov>; Natalie Martinez <Natalie.Martinez@fcc.gov>; (b) (6) Tarak Makecha Wick, Jordan EOP/DOGE (b) (6)

1

FCC FOIA No. 2025-000636                    002558

**Kristi Thompson**

| | |
|---|---|
| **From:** | Makecha, Tarak (b) (6) |
| **Sent:** | Thursday, March 13, 2025 1:33 AM |
| **To:** | Adam Candeub |
| **Cc:** | Wick, Jordan . EOP/DOGE; Scott Delacourt; Greg Watson |
| **Subject:** | Re: Process for onboarding to FCC |

You don't often get email from (b) (6)                    . Learn why this is important

Let's go with Friday or Monday when we can have a chance to meet all the key people. Just let me know what works best based on everyone's calendar.

Looking forward to it...

Get Outlook for iOS

---

**From:** Adam Candeub <Adam.Candeub@fcc.gov>
**Sent:** Wednesday, March 12, 2025 11:10:05 PM
**To:** Makecha, Tarak (b) (6)                 >
**Cc:** Wick, Jordan . EOP/DOGE (b) (6)                         ; Scott Delacourt <Scott.Delacourt@fcc.gov>; Greg Watson <Gregory.Watson@fcc.gov>
**Subject:** FW: Process for onboarding to FCC

Hi Tarak,

Responding to your text, below is the email chain reflecting the last interaction we had with DOGE. Scroll to the end, and it contains instructions re: onboarding. I am cc-ing Scott Delacourt who can provide more additional info.

As I said in my text, I'd be happy to introduce you to people tomorrow. You requested to meet Scott, Greg, Ellen Standiford as well as Sunny Diemart.

My afternoon is pretty jammed, but if you could come around 10.30 I could certainly introduce you to some, if not all, of the people on your list. I just can't speak to everyone's availability at this time.

Alternatively, you could come Friday or Monday and I could arrange a schedule which would ensure that you could meet with everyone in a timely way.

Let me know how to proceed. Thanks so much and looking forward to working with you,   Adam

---

**From:** Scott Delacourt <Scott.Delacourt@fcc.gov>
**Sent:** Friday, February 28, 2025 3:28 PM
**To:** Lindemann, Kendall EOP/DOGE (b) (6)
**Cc:** Gleason, Amy EOP/DOGE (b) (6)                         ; Ellen Standiford <Ellen.Standiford@fcc.gov>; Greg

1

FCC FOIA No. 2025-000636                                   002790

## Daniel Daly

| | |
|---|---|
| **From:** | Makecha, Tarak (b) (6) |
| **Sent:** | Monday, March 17, 2025 2:09 PM |
| **To:** | Adam Candeub; LaCerte, David; Golovkina, Marina A.; Sylke, Kimberly D.; Pettit, John |
| **Cc:** | Ellen Standiford; Scott Delacourt |
| **Subject:** | RE: on-boarding outstanding |
| **Attachments:** | Part 19.Blank FCC Financial Interests Certification Form - updated 6 Jan 2016 _MakechaSigned.pdf; Makecha, Tarak Resume.pdf |

You don't often get email from (b) (6)                      . Learn why this is important

My resume and signed form are attached. Re: reimbursement, I'll follow whatever direction. But from my perspective who pays for my time doesn't really matter – it is all cost neutral to the taxpayer, and in reality cost negative because 1) we spend time to try and figure it out 2) lose time bringing DOGE to support which helps reduce costs.

At the end of the day all I need is a badge/laptop so I can get FCC data and support FCC leadership in execution. Whatever the fastest way to get the badge/laptop I am happy to support.

**From:** Adam Candeub
**Sent:** Monday, March 17, 2025 1:44 PM
**To:** LaCerte, David ; Golovkina, Marina A. ; Makecha, Tarak N. ; Sylke, Kimberly D. ; Pettit, John
**Cc:** Ellen Standiford ; Scott Delacourt
**Subject:** RE: on-boarding outstanding

Hi David, Happy to talk about modernizing the process. Let's go offline and set up a good time.

**From:** LaCerte, David (b) (6)
**Sent:** Monday, March 17, 2025 1:34 PM
**To:** Golovkina, Marina (b) (6)                    ; Adam Candeub <Adam.Candeub@fcc.gov>; Makecha, Tarak (b) (6)                      ; Sylke, Kimberly (b) (6)              ; Pettit, John (b) (6)
**Cc:** Ellen Standiford <Ellen.Standiford@fcc.gov>; Scott Delacourt <Scott.Delacourt@fcc.gov>
**Subject:** Re: on-boarding outstanding

Hi Adam, is there anything requiring an ethics clearance prior to beginning work? I still haven't cleared ethics as a day one employee, so perhaps it's time to modernize the process.

Happy to talk it out

Get Outlook for iOS

**From:** Golovkina, Marina (b) (6)
**Sent:** Monday, March 17, 2025 11:59:17 AM
**To:** Adam Candeub <Adam.Candeub@fcc.gov>; Makecha, Tarak (b) (6)                    ; Sylke, Kimberly (b) (6)              ; Pettit, John (b) (6)
**Cc:** Ellen Standiford <Ellen.Standiford@fcc.gov>; Scott Delacourt <Scott.Delacourt@fcc.gov>; LaCerte, David

1

FCC FOIA No. 2025-000636                                                        002816

## Kristi Thompson

| | |
|---|---|
| **From:** | Makecha, Tarak (b) (6) |
| **Sent:** | Thursday, March 20, 2025 11:59 PM |
| **To:** | Adam Candeub |
| **Cc:** | Scott Delacourt |
| **Subject:** | RE: access to databases/ a few bureaucratic matters |

Thanks Adam. Based on our initial meetings at FCC, it seems that most DOGE support will be on de-regulation with Jake. Other projects including mapping with Jordan, contracts review with me and RIF support with me.

Given the relatively smaller scale of the contracts and headcount relative to other agencies, my need to access systems at FCC is less critical than originally anticipated. What this would look like is obtaining HR datasets in Excel and contract data via Excel with certain contract pdfs sent as needed through my OPM email.

Let me know your thoughts on this from a legal perspective. Based on that, let's then discuss the actions you laid out below.

**From:** Adam Candeub <Adam.Candeub@fcc.gov>
**Sent:** Thursday, March 20, 2025 12:04 PM
**To:** Makecha, Tarak (b) (6)
**Cc:** Scott Delacourt <Scott.Delacourt@fcc.gov>; Ellen Standiford <Ellen.Standiford@fcc.gov>; Kathleen Fulp <Kathleen.Fulp@fcc.gov>; Michele Ellison <Michele.Ellison@fcc.gov>
**Subject:** access to databases/ a few bureaucratic matters

Hi Tarak,

This is Adam. We met on Tuesday; I'm GC at the FCC. I am trying to streamline all of our legal requirements into the easiest possible way. If you have any issue re: access, forms, etc., just contact me and I'll take care of it. In addition, we probably should chat about some routine ethics matters concerning divestiture. I'm at (b) (6) . I'm free now till 2. Then after 5 any time.

You asked for some personnel data—and alas there are some non-waivable legally required trainings.

### 1.   Required training

We understand from the meetings yesterday that certain HR data and access to Genesis would be helpful for your purposes.

Before accessing Genesis or HR data or systems, please review the attached **SISR-System Owner Training**. While you are not the "owner" of these systems, reviewing this training will allow you to become familiar with the federal information security and privacy requirements that are applicable to the use of these systems and the data therein. Particularly with respect to all FCC information and systems that contain PII or are otherwise covered by the Privacy Act, please also be mindful of the relevant portions of the CSAT training you reviewed and received yesterday prior to getting your FCC equipment (also reattached here).

Second, please review and complete the attached **Records Management** training PDF.

Third, please review and complete the attached **Ethics Training** PDF. Government-wide ethics regulations require that this be completed within 3 months from the date of appointment.

1

## Kristi Thompson

**From:** Makecha, Tarak  **(b) (6)**
**Sent:** Tuesday, April 1, 2025 10:42 PM
**To:** Adam Candeub; Scott Delacourt
**Subject:** Re: ending voluntary relationship

Yes. I'm still working the GSA side. Hence the question about timing. Let me know the latest point in time for off boarding. Alternative one if I haven't sorted GSA is to work the contracts through Jordan. Alternative two is send contracts through OPM.

---

**From:** Adam Candeub <Adam.Candeub@fcc.gov>
**Sent:** Tuesday, April 1, 2025 6:29:38 PM
**To:** Makecha, Tarak **(b) (6)**          ; Scott Delacourt <Scott.Delacourt@fcc.gov>
**Subject:** RE: ending voluntary relationship

Hi all,

Tarak, I'm happy to accommodate your request to stay on longer, but as you recognized earlier, the easiest path may be to end our relationship.

**(b) (5)**

But, if you want to continue the relationship, let me know.  I'll see what can be done.

Thanks again!

Best,  Adam

---

**From:** Makecha, Tarak **(b) (6)**
**Sent:** Tuesday, April 1, 2025 5:29 PM
**To:** Adam Candeub <Adam.Candeub@fcc.gov>; Scott Delacourt <Scott.Delacourt@fcc.gov>
**Subject:** Re: ending voluntary relationship

Got it. When is the last day we have to make this decision? I have some contracts dialogue that is still ongoing.

Worst case I can have Jordan take that review on...

---

**From:** Adam Candeub <Adam.Candeub@fcc.gov>
**Sent:** Tuesday, April 1, 2025 5:02:15 PM

FCC FOIA No. 2025-000636                                                        003252

**To:** Makecha, Tarak ████████ (b) (6) ████████ Scott Delacourt <Scott.Delacourt@fcc.gov>
**Subject:** ending voluntary relationship

Hi Tarak,

As we discussed and you requested two weeks ago, we will be ending your gratis service as a Special Government Employee (SGE) to the FCC.  We will, of course, continue to work with you in your position at OPM—just as we are doing now and without any change.  Ending our formal relationship FCC simply will end any further duties concerning FCC-specific employment responsibilities.

Let me know if this is still OK.  If so, a formal letter ending your service will be forthcoming, and I thank you for your patience.   More broadly, if there is anything else I can help you with, let me know.

Above all, thank you for your service to the FCC.  It was great pleasure being your colleague, if only briefly.  ☺

Warm regards,   Adam

Adam Candeub
General Counsel
Federal Communications Commission

NON-PUBLIC -- FOR INTERNAL USE ONLY
PRIVILEGED and CONFIDENTIAL FCC DOCUMENT
ATTORNEY-CLIENT and/or ATTORNEY WORK PRODUCT PRIVILEGE

# EXHIBIT 2

**Burleigh v. FCC**
**Civil Action No. 25-cv-1268 (ABJ)**
**United States District Court for the District of Columbia**

*VAUGHN INDEX*

This index consists of two sections. The first section indexes agency records that were released in part with redactions. The second section indexes agency records that were withheld in full.

## SECTION I: INDEX OF RECORDS RELEASED IN PART

For convenience and ease of understanding, redacted records have been grouped together by category based on the content/purpose of the records. Each exemption that applies to one or more records within that category appears in the index below, along with a Bates number identifying the location of the redaction. The Bates numbered pages may appear more than once in the index to denote instances where the agency applied more than one exemption to material on that page.

Category Legend:
1. Communications regarding the onboarding and offboarding of personnel
2. Communications regarding press inquiries
3. Communications regarding *Delete, Delete, Delete* initiative
4. Communications regarding *Delete, Delete, Delete* initiative
5. Communications regarding National Environmental Policy Act (NEPA) review process initiative
6. Communications regarding contract review initiative
7. Communications regarding workforce initiatives
8. Communications regarding interagency data sharing
9. Personally identifiable information and similar information regarding individuals
10. Email addresses of employees of federal executive agencies
11. Microsoft Teams meeting information

| | Category | FOIA Exemption / Privilege | Bates Numbers | Description |
|---|---|---|---|---|
| 1 | Communications regarding the onboarding and offboarding of personnel | Exemption 2 | 000003 000009 000010 000011 000013 000014 000015 000019 000021 000033 000034 | Internal agency discussion solely regarding onboarding practices for DOGE team members to the FCC, including building visitor security protocols, badging procedures and requirements, computer access procedures, ethics clearance procedures, required forms and documentation to be submitted, and required trainings to be completed.<br><br>Disclosure of this information will undermine the efficient functioning of the agency's onboarding processes and compromise FCC security. |
| | | Exemption 5 – Deliberative Process Privilege | 000006 000008 000010 000011 000019 000036 000048 | Inter- and intra-agency predecisional deliberations containing advice, opinions, proposals, and recommendations regarding the onboarding of DOGE team members to the FCC, including discussions about the timing for potential introductory meetings; the potential timing and agenda for onboarding meetings; and the appropriate type of employment designation for team members.<br><br>Disclosure of this material would have a chilling effect on staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchanging views in the course of |

| | | |
|---|---|---|
| | 000069<br>000058<br>000063<br>000065<br>000071<br>000077<br>000091<br>000104<br>000105<br>002531<br>002535<br>002539<br>002540<br>002543<br>002547<br>002548<br>002559<br>002560<br>002561<br>002579<br>002582 | collaborating on and determining the manner in which to onboard federal employees. Such a chilling effect would degrade the quality of agency decisions. |
| Exemption 5 – Attorney-Client Privilege<br><br>Exemption 5 – Deliberative Process Privilege | 000005<br>000007<br>000021<br>000033<br>000034<br>000051<br>000052<br>000064<br>000070<br>002586<br>002587<br>002591<br>002592<br>002596<br>002597<br>002601<br>002602<br>002603<br>003251<br>003253 | Confidential communications with FCC attorneys soliciting and providing legal advice regarding the onboarding of DOGE team members to the FCC, as well as the offboarding of a DOGE team member. In these communications, FCC attorneys request information needed to provide legal advice and provide legal advice; and a DOGE employee solicits a legal opinion from the FCC and provides information in furtherance of providing legal advice in furtherance of the common interest in applying all applicable laws and rules to efficiently onboard government employees.<br><br>These communications are also inter- and intra-agency predecisional deliberations constituting advice, opinions, and recommendations regarding the onboarding of DOGE team members to the FCC as well as discussions of options regarding the offboarding of a DOGE team member. The discussions include questions and advice regarding protocols to access agency information, ethics clearance, the appropriate type of employment designation for team members.<br><br>Disclosure of this material would impair the ability of the General Counsel and other FCC attorneys to engage in open and frank communication with FCC staff and other agency employees to render legal opinions and offer expert advice on various aspects of employee onboarding and offboarding.<br><br>Disclosure would further have a chilling effect on staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchanging views while collaborating on and determining the manner in which to onboard and offboard federal employees. Such a chilling effect would degrade the quality of interagency decision-making. |

2

| # | Description | Exemption | Bates Nos. | Explanation |
|---|---|---|---|---|
| 2 | Communications regarding press inquiries | Exemption 5 – Deliberative Process Privilege | 002517 002518 | Internal agency predecisional discussion regarding press inquiries. The discussion includes staff recommendations for how to respond and the exchange of opinions and impressions regarding the underlying subject matter of a press inquiry. Disclosure of this material would have a chilling effect on agency staff making recommendations regarding the response to press inquiries, as well as on agency officials from providing initial opinions and reactions prior to deciding a final course of action, which would degrade the quality of agency decision-making. Further, disclosure of preliminary recommendations and discussions regarding a press response would result in confusion over any official agency position ultimately taken. |
| 3 | Communications regarding *Delete, Delete, Delete* initiative | Exemption 5 – Deliberative Process Privilege | 000060 000092 000096 000100 000103 000107 002609 002613 002662 | Inter- and intra-agency predecisional deliberations regarding the implementation of the agency's *Delete, Delete, Delete* deregulatory initiative, consistent with Executive Orders and DOGE's mandate. The discussions include advice and recommendations, including legal research, requests for initial impressions and updates; opinions and impressions regarding tools to potentially implement deregulatory efforts, and discussions of what factors and specific data points to consider in deregulatory review process. Disclosure of this material would create a chilling effect on the staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchanging views while planning and collaborating on implementing deregulation initiatives, as well as other presidential directives, which will degrade the quality of agency decision-making. |
| | | Exemption 5 – Attorney-Client Privilege | 000118 000544 000545 000073 000674 002217 002223 002227 002231 | Confidential communications with the FCC General Counsel and an FCC DOGE team member soliciting and exchanging information for the purpose of providing legal advice and recommendations regarding the implementation of the agency's *Delete, Delete, Delete* deregulatory initiative. |
| | | Exemption 5 – Deliberative Process Privilege | 000674 002217 002223 002227 002231 | These communications also constitute internal agency predecisional deliberations regarding the implementation of the agency's mandate. The discussions include advice and recommendations, including legal research, requests for initial impressions and updates; opinions and impressions regarding *Delete, Delete, Delete* deregulatory initiative, consistent with Executive Orders and DOGE's mandate, including legal research, requests for initial impressions and updates; opinions and impressions regarding what factors and specific data points to consider in deregulatory review process. Disclosure of this material would create a chilling effect on the staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchanging views while planning and collaborating on implementing deregulation initiatives, as well as other presidential directives, which will degrade the quality of agency decision-making. |
| 4 | Communications regarding National Environmental Policy Act (NEPA) review process initiative | Exemption 5 – Deliberative Process Privilege  Exemption 5 – Attorney-Client Privilege | 000674 002217 002223 002227 002231 002233 | Predecisional, internal agency communications between the FCC General Counsel and an FCC DOGE team member regarding DOGE's initiative on the NEPA review process, and a briefing sheet regarding the same. The discussion includes information about proposed and ongoing action related to NEPA reviews at the FCC and as part of the DOGE initiative generally, the solicitation and exchange of information from the FCC General Counsel for the purpose of providing legal input and oversight of the process, as well as an informal staff impression related to one aspect of the NEPA review process contained within the briefing sheet. |

| 5 Communications regarding contract review initiative | Exemption 4 – Confidential Commercial / Financial Information | 003292-003372 | |
|---|---|---|---|

Disclosure of this material would have a chilling effect on agency staff's ability to freely exchange views on the agency's ongoing NEPA modernization effort, to share information about this and related initiatives, and to propose actions that may not ultimately be enacted. It would further chill the ability of staff to share candid, informal impressions regarding NEPA review for the purpose of providing full context for decisionmakers. Such chilling effects would degrade the quality of agency decision-making. Further, these communications concern a matter in which a final decision has not yet been made; premature disclosure of non-final, preliminary deliberations could result in confusion or misinterpretation of the final decision.

Confidential commercial or financial information obtained from third party vendors associated with various agency contracts. The redacted information consists of specific unit pricing, i.e., cost per license, and quantity information, i.e., number of licenses. Pricing information is commercial in nature, and each vendor actually and customarily keeps this information confidential. Unit quantity information must similarly be redacted because it would effectively reveal the unit price when taken together with the publicly available total funding amount of each contract.

Disclosure of this information would harm the contractor's commercial interests by providing an advantage to competitors whose similar unit pricing information is not disclosed. Further, disclosure would impede the FCC's ability to obtain similar information from these or other vendors.

4

| Exemption | Bates | Description |
|---|---|---|
| Exemption 5 – Deliberative Process Privilege | 003162<br>003163<br>003164<br>003166<br>003167<br>003168<br>003169<br>003170<br>003171<br>003172<br>003173<br>003174<br>003175<br>003177<br>003179<br>003181<br>003183<br>003189<br>003191<br>003193<br>003194<br>003196<br>003199<br>003204<br>003205<br>003206<br>003214<br>003247<br>003288<br>003290<br>003374<br>003375<br>003376<br>003378<br>003380<br>003381<br>003402<br>003417<br>003421<br>003514<br>003519<br>003523<br>003529<br>003555<br>003541 | Pre-decisional, inter- and intra-agency discussion between FCC staff and DOGE team member, including opinions, requests for opinions, and recommendations on terminating, reducing, or otherwise modifying FCC contracts as part of the agency's contract review initiative, consistent with Executive Order and DOGE's mandate.<br><br>The disclosure of such information would have a chilling effect on the ability of the FCC staff and staff at other federal executive agencies to frankly and candidly exchange views and make recommendations in preparing to implement the contract review initiative, as well as other presidential directives, without concern that such information could be disclosed prior to a decision being reached and would cause strained relationships with vendors due to speculation. |

| | | | | |
|---|---|---|---|---|
| 6 | Communications regarding workforce initiatives | Exemption 5 – Deliberative Process Privilege<br><br>Exemption 5 – Attorney-Client Privilege | 002801<br>002817<br>002870<br>002871<br>002872<br>002874<br>002876<br>002878<br>002879<br>002881<br>002882<br>002883<br>002885<br>002887<br>002888<br>002889<br>002891<br>002892<br>002893<br>002895<br>002897<br>002898<br>002900 | Predecisional inter- and intra-agency communications regarding the implementation of Executive Orders 14151 and 14209 related to workforce matters, prior to any final decision being reached. The redacted information consists of proposals, requests for advice, and an exchange of views regarding potential data points to consider. It includes communications to and from FCC attorneys requesting advice, providing information for the purpose of providing advice and recommendations, and guidance.<br><br>The disclosure of this material would chill the ability of FCC staff and staff of other federal executive agencies to frankly and candidly exchange views and make recommendations in preparing to implement workforce initiatives, which implicate sensitive personnel matters, and similar presidential directives. |
| 7 | Communications regarding interagency data sharing | Exemption 5 – Deliberative Process Privilege | 002608<br>002670<br>002672<br>002676<br>002681<br>002683<br>002684<br>002687<br>002689<br>002690<br>002695<br>002697<br>002698<br>002702<br>002703<br>002704<br>002705<br>002706<br>002711<br>002713<br>002714<br>002715<br>002716 | Predecisional inter- and intra-agency discussion exploring how and whether to share data across agencies in response to Executive Order 14243 on eliminating information silos, prior to any determination being reached. The material also includes internal agency discussions and Teams chats regarding the Broadband Data Collection effort relating to EO 14243 and the DOGE initiative. The redacted communications constitute advice, opinions, and recommendations regarding how and whether to share data across agencies, factors and data to consider, and agencies to include in potential outreach efforts.<br><br>Disclosure would further have a chilling effect on staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchange views while collaborating on the data sharing effort and similar initiatives without concern that such information could be disclosed prior to a decision being reached. |

| 8 Personally identifiable information and similar information regarding individuals | Exemption 6 | 002721 002723 002724 002725 002730 002737 002739 002745 002746 002747 002749 002755 002758 002759 002760 002761 002762 002767 002768 002769 002770 002772 002778 003136 003137 003138 003139 003140 003141 003142 003143 003145 003149 003150 003153 003156 003157 003158 003159 000001 000002 000009 000017 000018 000020 000023 | Personally identifiable information of individuals, including signatures, dates of birth, social security numbers, as well as similar information regarding individuals, such as personal email addresses, personal addresses, personal phone numbers, and information concerning an employee's leave schedule. | There is a significant privacy interest in this sensitive personal information because its release would foreseeably result in substantial personal disruption, including harassment, identity theft, or fraud |

7

| |
|---|
| 000029 |
| 000031 |
| 000052 |
| 000059 |
| 000060 |
| 000061 |
| 000062 |
| 000064 |
| 000070 |
| 000092 |
| 000094 |
| 000096 |
| 000100 |
| 000102 |
| 000103 |
| 000106 |
| 000108 |
| 000109 |
| 000110 |
| 000112 |
| 000113 |
| 000114 |
| 002236 |
| 002519 |
| 002524 |
| 002529 |
| 002533 |
| 002538 |
| 002542 |
| 002544 |
| 002547 |
| 002549 |
| 002553 |
| 002555 |
| 002557 |
| 002564 |
| 002566 |
| 002568 |
| 002569 |
| 002571 |
| 002573 |
| 002576 |
| 002578 |
| 002581 |
| 002585 |
| 002590 |

Further, there is no public interest in the personal information of individuals, which sheds no additional light on the conduct of agency business or government activity. The significant privacy interest outweighs the lack of any public interest in this information.

8

9

002595

002600
002606
002607
002608
002609
002610
002611
002612
002613
002614
002615
002616
002674
002678
002685
002692
002699
002708
002718
002227
002737
002741
002746
002747
002751
002759
002764
002769
002770
002774
002786
002789
002791
002794
002797
002800
002806
002816
002869
002870
002873
002877
002880
002884
002888
002891

| 9 | Email addresses of employees of other federal executive agencies | 002895<br>002896<br>002899<br>003057<br>003058<br>003062<br>003063<br>003124<br>003129<br>003131<br>003389<br>003397<br>003398<br>003526<br>003531<br>003537<br><br>000036<br>000048<br>000049<br>000051<br>000052<br>000055<br>000058<br>000059<br>000060<br>000061<br>000062<br>000063<br>000064<br>000068<br>000070<br>000071<br>000074<br>000076<br>000077<br>000078<br>000091<br>000092<br>000094<br>000096<br>000099<br>000100<br>000102<br>000103<br>000104<br>000105<br>000106 | Exemption 6 | Email address domains for employees of certain federal executive agencies, as identified through the interagency consultation process.<br><br>These employees have a substantial privacy interest in their individual agency email addresses, particularly in light of a pattern of doxxing, threats, intimidation, and harassment against employees involved in DOGE initiatives, identified through the interagency consultation process. Therefore, it is reasonably foreseeable that the release of the email addresses would lead to harassment and intimidation of certain employees. Further, there is no public interest in the email addresses of these employees. The full names of the federal employees are released on these pages, so the public is aware of the identities of the participants in the email exchanges. Releasing their actual email addresses does not offer any further insight into the nature of the communications or of any performance of the agency's statutory duties. The significant privacy interest outweighs the lack of any public interest in these email addresses. |

000107
000108
000109
000110
000112
000113
000114
000116
002235
002238
002239
002219
002221
002222
002223
002226
002227
002228
002231
002232
002233
002235
002236
002237
002239
002240
002241
002243
002244
002247
002248
002249
002251
002255
002256
002257
002258
002259
002560
002561
002563
002565
002567
002568
002569
002570

12

002572
002573
002574
002575
002577
002578
002579
002580
002582
002583
002584
002585
002586
002587
002588
002589
002590
002591
002592
002593
002594
002595
002596
002597
002598
002599
002600
002601
002602
002603
002604
002605
002607
002609
002610
002611
002612
002613
002614
002615
002616
002786
002788
002789
002790
002791

13

| |
|---|
| 002795 |
| 002796 |
| 002799 |
| 002800 |
| 002801 |
| 002802 |
| 002803 |
| 002804 |
| 002816 |
| 002819 |
| 002869 |
| 002872 |
| 002873 |
| 002876 |
| 002877 |
| 002880 |
| 002884 |
| 002888 |
| 002891 |
| 002894 |
| 002895 |
| 002896 |
| 002898 |
| 002899 |
| 003052 |
| 003053 |
| 003054 |
| 003055 |
| 003056 |
| 003057 |
| 003160 |
| 003230 |
| 003251 |
| 003252 |
| 003253 |
| 003254 |
| 003282 |
| 003284 |
| 003285 |
| 003288 |
| 003290 |
| 003374 |
| 003375 |
| 003376 |
| 003377 |
| 003378 |

| 10 Microsoft Teams meeting information | Exemption 6 | 003379<br>003380<br>003381<br>000579<br>000580<br>000583<br>000584<br>000587<br>000588<br>000591<br>000592<br>000598<br>000599<br>000602<br>000603<br>000606<br>000607<br>000610<br>000611<br>000614<br>000615<br>000618<br>000619<br>000622<br>000623<br>000635<br>000636<br>000640<br>000641<br>000644<br>000645<br>000648<br>000651<br>002224<br>002228<br>002779<br>002780<br>002783<br>002784<br>003059<br>003133<br>003270<br>003272<br>003415 | The redacted information consists of specific Microsoft Teams meetings information, including meeting password, ID, and dial-in information.<br><br>There is a substantial privacy interest in this information because disclosure of virtual meeting credentials would enable unauthorized access to individuals' teleconferencing platforms. Further, there is no public interest in the meeting credentials. Any available substantive information regarding the meetings, such as subject, date, or invitees, has not been redacted. Releasing the actual meeting credentials does not offer any further insight into the nature of any government or agency activity. The significant privacy interest therefore outweighs the lack of any public interest in this information. |
| --- | --- | --- | --- |

**SECTION II: INDEX OF RECORDS WITHHELD IN FULL.**

| Bates Numbers | Document Title | FOIA Exemption / Privilege | Date of Transmitting Email/Communication | Description |
|---|---|---|---|---|
| 000080<br>000081<br>000082<br>000083<br>000084<br>000085<br>000086<br>000087<br>000088<br>000089<br>000090 | Confidential Financial Disclosure Report (attachment to 000078) | Exemption 3(A)<br><br>5 U.S.C. § 13109(a)(2) | 03/05/2025 (document itself dated 03/04/2025) | 5 U.S.C. § 13109(a)(2) provides that any information required to be provided by an individual as part of a financial disclosure report prescribed by a supervising ethics office shall be confidential and shall not be disclosed to the public. This document is the filled-out confidential financial disclosure report for Jordan Wick, one of the DOGE team members onboarded to the FCC, and it is prohibited from being disclosed by a federal statute. |
| 000097<br>000098 | DFR Template (attachment to 000096) | Exemption 5 – Deliberative Process Privilege | 03/18/2025 | Internal and intra-agency predecisional deliberations regarding the implementation of the agency's *Delete, Delete, Delete* deregulatory initiative, consistent with Executive Orders and DOGE's mandate. This record includes a non-final draft template for a deregulatory order.<br><br>Disclosure of this material would create a chilling effect on the staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchanging views on how to implement the deregulation initiative, as well as other presidential directives, which will degrade the quality of agency decision-making. |
| 000099 | Memorandum Template (attachment to 000096) | Exemption 5 – Deliberative Process Privilege | 03/18/2025 | Internal and intra-agency predecisional deliberation regarding the implementation of the agency's *Delete, Delete, Delete* deregulatory initiative, consistent with Executive Orders and DOGE's mandate. This record includes a non-final draft template for a memorandum recommendation for suggestions regarding *Delete, Delete, Delete*.<br><br>Disclosure of this material would create a chilling effect on the staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas on how to implement deregulation initiatives, as well as other presidential directives, which will degrade the quality of agency decision-making. |
| 000117 | FCC ARRP Phase 2 – May Update (attachment to 000116) | Exemption 5 – Privilege | 05/15/2025 | Predecisional inter-agency communication regarding the implementation of Executive Orders 14210 and 14151 related to workforce matters, prior to any final decision being reached. The withheld record consists of non-finalized data estimates. |

| | | | | notes on proposed action, and staff assessment of potential data points to consider. |
|---|---|---|---|---|
| 000119 to 000543 | Attachment: fcc_orders.csv (attachment to 000118) | Exemption 5 – Deliberative Process Privilege | 03/27/2025 | The disclosure of this material would chill the ability of FCC staff and staff of other federal executive agencies to frankly and candidly exchange views and make recommendations in preparing to implement workforce initiatives, which implicate sensitive personnel matters, and similar presidential directives. <br><br> This document was compiled to inform the decision-making process on whether to rescind rules pursuant to the Delete, Delete, Delete initiative. The type of data compiled reveals the specifics of the proposed potential use of the data, if shared. If shared, this data could chill staff's freedom to propose ideas and further rules to be rescinded as part of the initiative. <br><br> Disclosure of this material would create a chilling effect on the staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchanging views while planning and collaborating on implementing deregulation initiatives, as well as other presidential directives, which will degrade the quality of agency decision-making. |
| 000675 to 001629 | Attachment: FCC_orders_things2.csv (attachment to 000674) | Exemption 5 – Deliberative Process Privilege | 4/28/2025 | This document was compiled to inform the decision-making process on whether to rescind rules pursuant to the Delete, Delete, Delete initiative. The type of data compiled reveals the specifics of the proposed potential use of the data, if shared. If shared, this data could chill staff's freedom to propose ideas and further rules to be rescinded as part of the initiative. <br><br> Disclosure of this material would create a chilling effect on the staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchanging views while planning and collaborating on implementing deregulation initiatives, as well as other presidential directives, which will degrade the quality of agency decision-making. |
| 002156 to 002214 | Attachment: NEPA NPRM – OCH – 4.25.25 OGC.docx (attachment to 000674) | Exemption 5 – Deliberative Process Privilege | 4/28/2025 | This attachment is pre-decisional draft notice of proposed rule-making (NPRM) on modernizing NEPA rules. <br><br> Disclosure of this material would have a chilling effect on agency staff's ability to freely exchange views on the agency's ongoing NEPA modernization effort, to share information about this and related initiatives, and to propose actions that may not ultimately be enacted. I would further chill the ability of staff to |

| | | | | share candid, informal impressions regarding NEPA review for the purpose of providing full context for decisionmakers. Such chilling effects would degrade the quality of agency decision-making. |
|---|---|---|---|---|
| 002628 to 002661 | Attachment: FCC Phase II Agency RIF and Reorganization Plan (attachment to 002619) | Exemption 5 – Deliberative Process Privilege | 5/15/2025 | The FCC's Phase II Agency RIF and Reorganization Plan, which represents a draft plan that has not been finalized and/or implemented<br><br>The withheld material consists of a draft internal planning document that was then—and remains today—predecisional and deliberative in nature. The document reflects proposals, recommendations, and preliminary analyses that have not been finalized nor implemented. It includes sensitive internal information regarding agency organizational structure, including department-level staffing figures, as well as proposed cost-cutting and efficiency measures, including potential elimination, consolidation, or changes to positions. Disclosure would reveal the agency's internal deliberative processes and expose sensitive nonpublic operational details. |
| 002732 to 002736 | Attachment: FCC_GEO Proposed Collaboration_4_2_2025 (attachment to 002723) | Exemption 5 – Deliberative Process Privilege | 4/2/2025 | This document is a proposal preceding any final interagency decision on the proposed collaboration between FCC and Census, making it both predecisional and deliberative. The parent email also indicates it is a non-final draft, because the author seeks input and feedback on the document.<br><br>The document contains a proposal exploring how and whether to share data across agencies in response to Executive Order 14243 on eliminating information silos. |
| 002757 | Attachment: Data Call.xlsx (attachment to 002746) | Exemption 5 – Deliberative Process Privilege | 04/09/2025 | This document constitutes internal and intra-agency predecisional deliberations constituting advice, opinions, and recommendations regarding how and whether to share data across agencies prior to any determination being reached. Disclosure of this information would have a chilling effect on the ability of the FCC to engage in either interagency and intra-agency discussions about matters of policy and agency action without concern that such information could be disclosed prior to a decision being reached. Disclosure would further have a chilling effect on staff at the FCC and other federal executive agencies from frankly and candidly proposing ideas and exchange views in the course of collaborating on important initiatives<br><br>This predecisional, inter-agency communication includes information on data sets owned by the FCC and various other agencies, including information on the type of data and mission |

| Bates Number | Description | Exemption | Date | Explanation |
|---|---|---|---|---|
| | | | | use case, compiled to inform the decision-making process on whether to share data between the agencies for a potential FCC project. The chart is a preliminary draft of relevant data. |
| 002808-002815 | Apparent fraud, waste, and abuse of FCC-managed government funds and agency resources and attachment | Exemption 5 – Deliberative Process Privilege | 03/28/2025 | The type of data compiled reveals the specifics of the proposed potential use of the data. If shared, this data could chill staff's freedom to propose new data-sharing opportunities and freely share information with other agencies for the purpose of making such decisions.<br><br>This chart is identical to the one identified and withheld as Bates Number 003147, shared separately here as part of a different discussion on the same ongoing deliberations.<br><br>This record reflects a pre-decisional, interagency communication from a staff member to a DOGE team member reporting alleged fraud, waste, and abuse; providing their recommendations and views on the matter; and requesting further investigation. The communication represents the independent views of a staff member raising an issue for deliberation.<br><br>Disclosure of this information could chill the willingness of staff to report concerns about potential waste, fraud, and abuse internally. As the communication reflects a personal staff member's opinion, disclosure could also misrepresent facts and legal conclusions to the public that have not been adopted by the Commission. |
| 002217 – 3246 | Attachment: FCC Data Files PP94CY25 (attachment to 003160) | Exemption 2 | 04/02/2025 | This record reflects the internal personnel rules and practices of the FCC. This is a chart that lists all FCC employees and personnel information, including: title, grade/step, job series code, salary, start date (EOD), Bargaining Unit status, date of appointment (NTE), Bureau/Office/Division, duty station location.<br><br>Disclosure of this information about the agency's internal classifications will undermine the efficient functioning of the agency's internal personnel recording system. Furthermore, disclosure of this information could also undermine the FCC's enforcement activities by revealing information used to identify the designations and positions of particular field agents in the Enforcement Bureau. |
| 003066 - 3122 | Attachment: Broadband Data Collection; Architectural and | Exemption 7(E) | 03/18/25 (document itself updated 01/28/2024) | This non-public document is a detailed explanation of the FCC's system and solution architecture, as identified by the cover sheet |

18

| 003147 | System Design Documentation (attachment to 003062; the first three pages of the record have been produced as 003063-003065). | Exemption 5 – Deliberative Process Privilege | | and table of contents included in the production at 003063-003065. Its release could reasonably lead to circumvention of the law because it is a detailed explanation of the FCC's internal IT systems, and its public release would expose the FCC to extreme cybersecurity vulnerabilities and possible infiltration. |
| | Attachment: Data Call.xlsx (attachment to 3146) | | 04/09/2025 | This pre-decisional, inter-agency communication includes information on data sets owned by the FCC and various other agencies, including information on the type of data and mission use case, compiled to inform the decision-making process on whether to share data between the agencies for a potential FCC project. The chart is a preliminary draft of relevant data.<br><br>The type of data compiled reveals the specifics of the proposed potential use of the data if shared, this data could chill staff's freedom to propose new data-sharing opportunities and freely share information with other agencies for the purpose of making such decisions.<br><br>This chart is identical to the one identified and withheld as Bates Number 002757, shared separately here as part of a different discussion on the same ongoing deliberations. |